## Kalmar Unemployment Compensation Case.

Argued December 13, 1961.

*M. Mindlin,* with him *Jackson M. Sigmon,* and *Mindlin and Sigmon,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., January 16, 1962:

In this unemployment compensation appeal the Bureau of Employment Security, the Referee and the Unemployment Compensation Board of Review all found that the claimant's discharge was due to willful misconduct so as to disqualify him for benefits under §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

The claimant, Lewis C. Kalmar, was last employed by the General Cigar Company, Allentown, Pennsylvania, as a fireman and watchman, on February 16, 1961. He was employed for one year and nine months and his duties consisted of taking care of the boiler, the fire,

and making hourly rounds with a punchclock. He was paid an hourly rate of $1.32 and his shift began at 12:00 midnight and terminated at 6:00 o'clock A.M., the following morning.

The company had a regulation that the fireman and watchman was not to leave his post until the employee for the next shift arrived to relieve him. As they were tending a boiler and fire, as well as making hourly rounds, the necessity and reasonableness of the rule is apparent. If the relief employee failed to appear the employee would be paid for remaining at his post for the extra time necessary and this happened, for various reasons, from time to time.

On December 9, 1960, the claimant violated this regulation by leaving his post before his relief arrived. His employer testified, "I warned him and told him that if he did it again, I would have to leave him go." On February 15, he went home at 6 o'clock, his superior received a call that his relief would be late because of automobile trouble but when he went to look for the claimant he had already left his post. There was some conflict of testimony but the credibility of witnesses is for the board and the findings of fact are supported by competent evidence. His main defense was that his relief had been guilty of violation of duty. This is, of course, no defense to his dereliction of duty.

The evidence clearly supports the findings that he was warned by his employer that failure to remain at his post would result in his discharge and despite this definite warning he left his post on February 15 before being relieved. This was clearly a willful disregard of the employer's interest and the violation of a reasonable and necessary regulation. By leaving his post he left the plant unguarded and the boiler and fire unattended. This action falls squarely within the definition of willful misconduct. *Koble Unemployment Compensation Case,* 190 Pa. Superior Ct. 565, 155 A. 2d 223

(1959); *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958).
Decision affirmed.